UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANA VILLAVICENCIO,

        Plaintiff,                              Hon. Hala Y. Jarbou

v.                                            Case No. 1:25-cv-637

ZEOTIS, JESSIE BINKLEY,
KAREN BROWN, and
CHRISTOPHER RICKI

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff Diana Villavicencio, proceeding pro se, filed a complaint on June 9, 2025, against her former employer, Zeotis, and individual Defendants Jessie Binkley, Christopher Ricki, and Karen Brown. Plaintiff purports to allege one or more claims for discrimination under federal and state law.

Presently before me is Defendants' Motion to Dismiss Plaintiff's Complaint. (ECF No. 7.) Plaintiff has failed to respond to Defendants' motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **grant** the motion and dismiss this action with prejudice for failure to state a claim upon which relief may be granted.

---

[1] Although Plaintiff is proceeding pro se, she is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley,* No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

## I. Background

In her form complaint, Plaintiff simply alleges, "I was discriminate[d] against by Zoetis." (ECF No. 1 at PageID.4.) Plaintiff includes no facts in her complaint, but attaches a partial copy of a letter dated June 14, 2024 from her former attorney to Zeotis regarding potential "employment claims against Zoetis, Inc." (ECF No. 1-2 at PageID.9.)

Defendants move for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a claim upon which relief may be granted.

## II. Analysis

### A. Waiver

It is well established that a plaintiff's failure to respond to a motion to dismiss constitutes a forfeiture of the claims to which the motion is addressed. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (stating that failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim"). Likewise, opposition to a motion to dismiss is waived, and dismissal appropriate, where the plaintiff fails to respond to the motion. *See Humphrey v. United States Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (stating that "if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Allen v. NCL America LLC*, 741 F. App'x 292, 295-96 (6th Cir. 2018) (holding that the plaintiff's failure to respond to a motion to dismiss amounted to a waiver of the plaintiff's opposition to the motion); *Moody v. CitiMortgage, Inc.*, 32 F. Supp. 3d 869, 875 (W.D. Mich. 2014) (stating that "[a] plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion"). Thus, Plaintiff has forfeited or waived any opposition she may have had to the motion, and dismissal is proper on this ground alone.

B.     **Failure to State a Claim**

Alternatively, I recommend that the complaint be dismissed for failure to state a claim. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted). As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

When evaluating a complaint under Rule 12(b)(6), a court may consider the complaint and any exhibits attached thereto, public records, and items appearing in the record of the case. *See Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008); *see also, Continental Identification Prods.,*

3

*Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich. Jan. 2, 2008) (stating that "an exhibit to a pleading is considered a part of the pleading," and "the Court may properly consider the exhibits . . . in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 F. App'x 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

As noted above, the complaint simply alleges that Plaintiff "was discriminate[d] against by Zoetis." (ECF No. 1 at PageID.4.) This is nothing more than a conclusory statement, without supporting facts, that fails under the *Twombly*/*Iqbal* standard. The partial letter Plaintiff attaches to her complaint does not save it from dismissal. Because Plaintiff is proceeding pro se, the Court must construe her pleading more liberally than is usually the case for formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But this liberal pleading standard "is not without its limits, and does not 'abrogate basic pleading essentials in pro se suits.'" *Clark v. Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Stated differently, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). To require otherwise "would not only strain judicial resources . . . but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Even considering the attachment to the complaint, Plaintiff fails to allege any plausible claim for discrimination. The Court is not required to guess what claim(s) Plaintiff intends to assert

4

and to supply factual allegations on her behalf. Accordingly, Plaintiff fails to allege any viable claim against Defendants.

### III.  Conclusion

For the reasons set forth above, I recommend that the Court **grant** Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 7) and dismiss this action **with prejudice**.

Dated: August 19, 2025   /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).