UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANA VILLAVICENCIO,

        Plaintiff,                                                      Hon. Hala Y. Jarbou

v.                                                                               Case No. 1:25-cv-637

ZOETIS, LLC and ZOETIS, INC.

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        On September 12, 2025, the Court granted Plaintiff's motion for leave to file an amended complaint. (ECF No. 14 at PageID.109.) The Clerk docketed the amended complaint the same day (ECF No. 15), which dropped the previously-named Defendants and named Zoetis, LLC/Zoetis, Inc., as Defendants in Plaintiff's claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.*

        Presently before me is Defendants Zoetis, Inc. and Zoetis, LLC's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 16), arguing that: (1) Plaintiff failed to exhaust her claims against Zoetis, LLC; (2) her claims against both Defendants are untimely; (3) she failed to exhaust a claim for color discrimination; (4) to the extent not dismissed entirely, her claims prior to October 19, 2023, are barred by Title VII's 300-day limitation period; and (5) she failed to properly serve Defendants. The motion is fully briefed and ready for decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion be **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**.

## I. Background

A.    Facts[1]

Plaintiff, who is African American, was hired by Zoetis, LLC/Zoetis, Inc., on March 8, 2022, as a logistics specialist to work in its Kalamazoo, Michigan, plant. (ECF No. 15 at PageID.113.) Plaintiff was laid off in April 2024. (*Id.* at PageID.115; ECF No. 17-1 at PageID.140.)

Plaintiff alleges that Defendants affected the terms and conditions of her employment through various acts of race and color discrimination. She alleges that Defendants failed to reprimand a male Caucasian employee who called her a "N****r." (ECF No. 15 at PageID.113.) However, Plaintiff also alleges that after a Hispanic co-worker reported that the same male employee used the same racial epithet towards her, Defendants terminated the male employee. (ECF No. 17-1 at PageID.139–40.) Plaintiff alleges that Defendants provided her less training and orientation than Caucasian new hires. Plaintiff alleges that her supervisor issued her a write-up for errors for which a Caucasian employee was responsible and then refused to correct the record after learning of the situation. She alleges that Defendants treated her complaints to HR about a male employee differently than a Caucasian female employee's complaints about the same employee. (ECF No. 15 at PageID.113–14.)

Plaintiff also alleges that Defendants transferred her to the night shift on a temporary basis and refused to return her to the day shift, even though white employees with less seniority were returned to the day shift. (*Id.* at PageID.114.) Plaintiff claims that Defendants gave white employees a pay raise but denied her a pay raise and refused to discipline her supervisor for making

---

[1] The facts are taken from Plaintiff's amended complaint (ECF No. 15) and her Charge of Discrimination. (ECF No. 17-1.)

racially abusive remarks towards her. (*Id.*) She alleges that Defendants laid her off in April 2024 after claiming that they planned to eliminate the night shift. (*Id.* at PageID.115.)

On or about August 14, 2024, Plaintiff filed a Charge of Discrimination with the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission (EEOC) naming Zoetis, Inc., as the respondent. (ECF No. 17-1.) On the form, Plaintiff checked the boxes for discrimination based on race, retaliation, age, and disability but did not check the box for color discrimination. (*Id.* at PageID.139.) On March 11, 2025, the EEOC issued a Dismissal and Notice of Rights to Plaintiff. (ECF No. 1-1.)

B.     **Procedural History**

Plaintiff initiated this action on June 9, 2025, by filing a form Complaint for a Civil Case against "Zeotis" and individuals Jessie Binkley, Karen Brown, and Christopher Ricki. (ECF No. 1.) Summons were issued and returned executed on June 18, 2025, by service on Grant Groenboom on behalf of Zoetis. (ECF No. 6.) On July 9, 2025, Zoetis US LLC and the individual Defendants filed a motion to dismiss pursuant to a special appearance due to lack of personal jurisdiction over them, seeking dismissal for insufficient service of process, failure to state a claim, and failure to exhaust any potential claim against any of the individual Defendants. (ECF No. 7.) On August 19, 2025, after Plaintiff failed to timely respond to the motion to dismiss, I issued a Report and Recommendation (R&R) recommending that the Court grant the motion and dismiss the action for failure to state a claim. (ECF No. 10.)

On August 21, 2025, Plaintiff filed a motion for an extension of time and a motion for leave to amend. (ECF No. 11.) On August 22, 2025, the Court granted Plaintiff's motion for an extension of time and directed her to file her response and proposed amended complaint by September 12, 2025. (ECF No. 12.) On September 11, 2025, Plaintiff filed a motion for leave to amend along

3

with her proposed amended complaint, which dropped all of the previously-named Defendants and substituted Zoetis, LLC, and Zoetis, Inc., as Defendants. (ECF No. 13; ECF No. 13-1.) On September 12, 2025, the Court granted Plaintiff's motion for leave to amend, directed the Clerk to accept Plaintiff's proposed amendment for filing, and denied the motion to dismiss and rejected the R&R as moot. (ECF No. 14.) On September 15, 2025, summonses were issued to Zoetis, Inc., and Zoetis, LLC, and delivered to the U.S. Marshal for service. Defendants filed the instant motion to dismiss on September 25, 2025.

## II.  Discussion

Although Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6) on several grounds, they also move for dismissal under Rule 12(b)(5) for insufficient service of process. Because it appears that Defendants have not been properly served, the analysis begins and ends with the service of process issue as the Court cannot grant relief until Defendants have been made parties to this litigation. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 350-51. As evidenced by their motion, Defendants have not waived service of process.

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss an action for "insufficient service of process." "A Rule 12(b)(5) motion challenges the mode of serving the summons and complaint." *Rose v. Bersa*, 327 F.R.D. 628, 632 (S.D. Ohio 2018). The plaintiff bears the burden of proof in determining whether the summons and complaint were properly served on the defendant. *See Metropolitan Alloys Corp. v. State Metals Indus., Inc.*, 416

F. Supp. 2d 561, 563 (E.D. Mich. 2006). Moreover, "actual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999).

Here, it is undisputed that Defendants have not been properly served pursuant Federal Rule of Civil Procedure 4(h)(1) or Michigan Court Rule 2.105(D) or (H) by personal service of the summons and complaint on an officer, registered agent, director, trustee, or "person in charge of an office or business establishment of the corporation." Plaintiff acknowledges as much and has provided the address of Defendants' registered agent for service by the U.S. Marshal. (ECF No. 20 at PageID.185.)

A court may construe a motion to dismiss for ineffective service of process as a motion to quash service. *See Young's Trading Co. v. Fancy Import, Inc.*, 222 F.R.D. 341, 342–43 (W.D. Tenn. 2004) (stating that "[w]here service is ineffective, a court has discretion to either dismiss the action or quash service and retain the case"). The Sixth Circuit has expressed a preference to treat the first motion for improper service as a motion to quash. "[I]f the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later." *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1952); *see also Daley v. ALIA*, 105 F.R.D. 87, 89 (E.D.N.Y. 1985) (noting that "[w]hen the gravamen of defendant's motion is insufficiency of process . . . the motion must be treated as one to quash service, with leave to plaintiffs to attempt valid service"). Here, particularly in light of the U.S. Marshal's failure to complete proper service, the appropriate remedy would be to treat the motion to dismiss as a motion to quash and afford Plaintiff another opportunity to attempt valid service. *See Stern*, 200 F.2d at 795. Therefore, the Clerk should be directed to re-issue summonses for delivery to the U.S. Marshal for personal

5

service on Defendants' registered agent: The Corporation Company, 40600 Ann Arbor Rd. E, Ste. 201, Plymouth, MI 48170.

### III.  Conclusion

For the reasons set forth above, I recommend that the Court treat Defendants' motion to dismiss for insufficient service of process (ECF No. 16) as a motion to quash and **grant** that portion of the motion. I further recommend that the balance of the motion brought under Rule 12(b)(6) be **denied without prejudice**.[2]  Finally, I recommend that summonses be re-issued to Defendants and delivered to the U.S. Marshal for service as set forth above and that the time for service be extended 30 days.

Dated: January 7, 2026                                     /s/ Sally J. Berens
                                                                            SALLY J. BERENS
                                                                            U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[2] If Defendants seek to refile the Rule 12(b)(6) portion of the motion following completion of service, they (and Plaintiff) may elect to rely on their previously filed briefs and need not file new supporting briefs.